That in September, 1813, Nathan Hartsfield, surviving administrator of David Delk, sold at public vendue, on a credit of six months, a slave named Ben, as the property of his intestate, of which the complainant became the purchaser at the price of $425, for which he gave his bond. That since the sale Jacob Delk, son of the intestate, has claimed Ben as his property, under a deed of gift from his father, and threatens to sue *Page 91 
for him; in consequence of which the complainant, before his bond became due, applied to the administrator for an indemnification against Jacob's claim, and offered to pay off his bond, upon being made secure against it; but the administrator refused to give it, and hath since recovered judgment on the bond. That the complainant can get no satisfaction out of the estate of Dick Delk, which is insolvent; nor from the administrator, who hath sold off all his property and is about to remove. He, therefore, prays an injunction, and that the administrator and Jacob Delk may be compelled to litigate their title to Ben before he is compelled to pay the price of him.
Jacob Delk's answer sets up a title to Ben, under a deed from the intestate, made in 1811 and registered at the time of sale; alleges infancy at the time of the vendee, and special notice to the complainant of his title, and an assurance that he should sue for him: it also asserts that he forbade the sale, and doubts whether the court can compel (115) him to sue administrator, against whom he has no claim.
The answer of Nathan Hartsfield, the administrator, also alleges special notice to the complainant of Jacob's claim, his forbidding the sale, and insists that the complainant having purchased with a full knowledge of the defect in the title, has no equity to be relieved. It does not admit the insolvency of his intestate's estate, nor his own design to remove.
It is the opinion of this Court that the injunction be continued.
In forming this opinion we do not undertake to determine that it is in the power of this Court to compel the defendant to litigate the title of the slave; but when the complainant is called upon to pay the purchase money by the defendant Hartsfield, it is certainly competent for a court of equity to compel him to indemnify the complainant. We also are of opinion that the defendant Delk should be restrained from suing the complainant, inasmuch as a fair opportunity is now presented to both parties to litigate the title of the slave; and the court of equity, having all parties before it, would be competent completely to do justice by making such decree as would embrace the whole case. *Page 92